IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JASON ALBERT LESLIE, JR.,

    Petitioner,

v.

WARDEN MR. EDGE,

    Respondent.

CIVIL ACTION NO.: 2:19-cv-19

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jason Leslie ("Leslie"), who is incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed this 28 U.S.C. § 2241 Petition, as amended, seeking an additional seven days' good conduct time credit for each year he has been incarcerated under the First Step Act of 2018.  Docs. 1, 3.  Respondent filed a Motion to Dismiss, but Leslie did not file a response, despite being directed to do so.  Docs. 16, 17.  For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's unopposed Motion to Dismiss and **DISMISS** Leslie's Petition **without prejudice** based on his failure to exhaust his administrative remedies.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Leslie leave to appeal *in forma pauperis*.

### BACKGROUND

In his Petition, as amended, Leslie asks to be credited with an extra seven days' good conduct time credit for each year of his incarceration under the First Step Act of 2018.  Doc. 3. Leslie asserts Congress amended 18 U.S.C. § 3624(h) "to stop the strange method of calculation" the Bureau of Prisons ("BOP") employed, which effectively gave inmates 47 days' credit each

year rather than the 54 days' credit intended.  Id. at 6–7.  Leslie asserts Congress made clear this change was to take effect immediately.  Id. at 7.  Leslie notes he did not have time to complete the administrative remedies process before filing his Petition.  Id. at 7–8.

Respondent moves to dismiss Leslie's Petition because he failed to exhaust his administrative remedies prior to the filing of his Petition.  Doc. 16.  In the alternative, Respondent asserts the Attorney General will not complete the risk and needs assessment program under the First Step Act until at least July 19, 2019 and thus, Leslie's Petition is not ripe for review.[1]  Id.

## DISCUSSION

### I.   Exhaustion of Administrative Remedies

Leslie's Petition is subject to dismissal because he failed to exhaust his available administrative remedies prior to the filing of this Petition.  In fact, Leslie admits he did not even begin the exhaustion process.  See Doc. 1 at 2–3; Doc. 3 at 7–8.  Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require a federal prisoner challenging the execution of his sentence to exhaust administrative remedies before seeking review in federal court pursuant to § 2241.  Santiago-Lugo v. Warden, 785 F.3d 467 (11th Cir. 2015).  "Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court."  Brimmer v. Warden of FCI-Williamsburg, No. CV 9:19-676, 2019 WL 2305022, at *3 (D.S.C. Apr. 30, 2019), *report and recommendation adopted*, 2019 WL 2303585 (D.S.C. May 30, 2019) (citing Jones v. Bock, 549 U.S. 199, 204 (2007)).

---

[1]   This alternative ground is no longer applicable and need not be addressed.

The BOP has established an administrative remedy procedure through which an inmate may seek review of a grievance related to any aspect of his imprisonment. 28 C.F.R. § 542.10 *et seq*. The Administrative Remedy Program applies to all inmates incarcerated in penal institutions operated by the BOP. § 542.10(b). Under the applicable Regulations, an inmate must generally first seek to resolve an issue of concern informally by presenting the issue to correctional staff. § 542.13(a). If this does not resolve the matter, an inmate must submit a formal written administrative remedy request within 20 calendar days of the incident giving rise to the grievance. § 542.14(a). If unsatisfied with the Warden's response, an inmate may appeal with the Regional Director within 20 days of the Warden's response. § 542.15(a). If dissatisfied with the Regional Director's response, an inmate may take a final appeal to the BOP's Office of General Counsel in Washington, D.C., within 30 days of when the Regional Director signed the response. Id. Appeal to the BOP's Office of General Counsel is the final step in the BOP's administrative remedy process. Id. Inmates must complete all three steps of the administrative remedies process to have exhausted his administrative remedies.

As noted above, Leslie did not initiate—let alone complete—the administrative remedies process. Accordingly, the Court should **GRANT** this portion of Respondent's unopposed Motion to Dismiss and **DISMISS without prejudice** Leslie's § 2241 Petition based on his failure to exhaust his administrative remedies.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Leslie leave to appeal *in forma pauperis*. Though Leslie has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Leslie's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Leslie *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's unopposed Motion to Dismiss and **DISMISS** Leslie's Petition, as amended, **without prejudice** based on his failure to exhaust his administrative remedies. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Leslie leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Leslie and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of August, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA